ELLIS, Judge:
This is a suit for workmen’s compensation benefits in which plaintiff John Torregano claims to be permanently and totally disabled as the result of an injury to his back suffered while employed at the Holiday Inn of Slidell. Defendant is the Home Insurance Company, workmen’s compensation insurer of the employer. After trial on the merits, judgment was rendered dismissing plaintiff’s suit, and he has appealed.
The record shows that plaintiff injured his back on January 9, 1975, in the course and scope of his employment. He consulted his personal physician, Dr. Jack R. Diamond, who diagnosed a lumbar strain. He was treated daily with heat, traction, muscle relaxants and analgesics. On January 27, 1975, his condition was essentially unchanged and plaintiff was admitted to Sli-dell Memorial Hospital and a consultation was obtained with Dr. Charles W. Krieger, an orthopedist, who recommended bed rest, heat and exercise.
On his discharge from the hospital on February 10, 1975, plaintiff was sent to Dr. Robert E. Ruel, an orthopedist. Dr. Ruel felt that plaintiff had sustained a sprain of the lower lumbar spine, but was unable to make any objective clinical findings of injury at the time of his examination on February 14, 1975. On March 10, 1975, plaintiff was examined, at the request of his attorney, by Dr. Robert L. Applebaum, a neurosurgeon. His examination produced “minimal mechanical findings and no neurologic deficit.” He recommended no diagnostic or therapeutic procedures.
Dr. Diamond continued plaintiff on therapy. By March 31, 1975, he was unable to elicit any physical findings to account for plaintiff’s complaints of pain, and suggested a psychiatric consultation, which plaintiff declined. On April 9, 1975, plaintiff related a “bizarre” set of symptoms, none of which Dr. Diamond could relate to his injury. Plaintiff was then sent to Dr. Rae-burn C. Llewellyn, a neurosurgeon; who saw him on April 18, 1975. Dr. Llewellyn felt that plaintiff had improved to the point that he could benefit from returning to his regular work on a trial basis. He found no neurological problems.
*458 Dr. Diamond testified that he suggested that plaintiff return to work. Plaintiff stated that he returned and requested light work, but was told that none was available. He did not attempt his regular duties. Dr. Diamond put him on a new medication on May 9, 1975. On May 16, 1975, Dr. Diamond examined plaintiff again, and as of that date was of the opinion that he could return to his regular work. Dr. Diamond continued to see plaintiff thereafter, and to treat him for other complaints, but found no reason to change his opinion relative to plaintiff’s condition. He last saw plaintiff on February 13, 1976.
Dr. Byron M. UnKauf, an orthopedist, saw plaintiff for the first time on March 6, 1976, at which time he felt plaintiff was suffering from “mild residuals of a low back strain”. He continued to see plaintiff during 1976, the last visit being December 13, during which time plaintiff was taking medication and therapy prescribed by Dr. UnKauf. Throughout that period Dr. Un-Kauf was of the opinion that plaintiff was unable to return to his employment with Holiday Inn.
Plaintiff testified that he was not able to work because of his back. He admitted having drawn unemployment compensation benefits from August, 1975, until April, 1976. In order to draw these benefits, the employee must be able to work and be available for work. R.S. 23:1600. Plaintiff testified that he was unaware of this legal requirement, although it was set forth in the pamphlets given him when he was drawing the compensation.
Plaintiff was paid workmen’s compensation by defendant through May 18, 1975, when the benefits were discontinued.' As of that time, Dr. Diamond was of the opinion that plaintiff was fully recovered from his accident and able to return to his work.
The trial judge was of the opinion that' plaintiff had failed to carry the burden of proving himself disabled. After reviewing the record, we find that only factual issues are involved, and that there is no manifest error in the conclusion of the trial judge.
The judgment appealed from is therefore affirmed, at plaintiff’s cost.
AFFIRMED.